IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| ASHLEY GALLEHER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ARTISANAL, LLC and BILL GREENE,<br><br>Defendants. | Case No. 1:19-cv-0055<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Ashley Galleher ("Galleher" or "Plaintiff"), on behalf of herself and all others similarly situated, by and through counsel, brings this collective action for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) and this Fed.R.Civ.P. 23 class action for violation of the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. §§ 95-25.1 *et.seq*.

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit seeks to recover unpaid wages, overtime compensation, misappropriated tips, and statutory penalties for Plaintiff and any similarly situated co-workers, including servers, bussers, hostesses, and bartenders ("Tipped Workers") who work or have worked at Artisanal restaurant located at 1200 Dobbins Road, Banner Elk, NC 28604.

2. Plaintiff brings this action on behalf of herself and all similarly situated current and former Tipped Workers who elect to opt-in to this action pursuant to the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the FLSA by Artisanal.

3. Plaintiff also brings this action on behalf of herself and all similarly situated current and former Tipped Workers pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the NCWHA, N.C. Gen. Stat. §§ 95-25.1 *et.seq.*

## THE PARTIES

4. Galleher is an adult individual who is a resident of Zionville, North Carolina.

5. Galleher was employed by Artisanal as a server, *i.e.*, a Tipped Worker, from July 2017 to June 2018.

6. Artisanal is a domestic business corporation registered and in good standing in the State of North Carolina, with its principal place of business located at 1200 Dobbins Road, Banner Elk, NC 28604.

7. Bill Greene is an owner, member and/or officer of Artisanal. In this capacity, Greene is involved in the day-to-day business operations of Artisanal. Greene has the authority to sign on Artisanal checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour issues, including compensation practices and policies for Tipped Workers. At all relevant times, Greene acted and had responsibility to act on behalf of, and in the interests of Artisanal in devising, directing, implementing and supervising the wage and hour practices and policies relating to employees, including the Tipped Worker compensation issues raised in this lawsuit.

## JURISDICTION AND VENUE

8. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201 *et. seq.*

9. This Court has personal jurisdiction because Defendants conduct business in Avery County, North Carolina, which is located within this judicial district.

10. Venue is proper in this judicial district because Defendants have substantial business contacts in this district and because the unlawful acts alleged herein occurred in Avery County, North Carolina.

11. The claims for violations of the NCWHA are based on the statutory law of the State of North Carolina. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for the pendent state claims because they arise out of the same nucleus of operative facts as the FLSA claim.

12. All of the alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness and convenience for the parties.

## COVERAGE ALLEGATIONS

13. At all times hereinafter mentioned, Defendants have been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

14. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

15. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

16. At all times hereinafter mentioned, Plaintiff and the Tipped Workers have been "employees" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

17. At all times hereinafter mentioned, Defendants have been an "employer" within the meaning of Section 95-25.2(5) of the NCWHA, N.C. Gen. Stat. §§ 95-25.2(5).

18. At all times hereinafter mentioned, Plaintiff and the Tipped Workers have been "employees" within the meaning of Section 95-25.2(4) of the NCWHA, N.C. Gen. Stat. §§ 95-25.2(4).

## PLAINTIFF'S FACTUAL ALLEGATIONS

19. Defendants employed Plaintiff and other Tipped Workers at Artisanal restaurant.

20. Defendants paid Plaintiff and other Tipped Workers an hourly rate less than the full applicable federal minimum wage.

21. Defendants failed to inform Plaintiff and other Tipped Workers of the provisions of the tip credit subsection of the FLSA.

22. Defendants did not permit Plaintiff and other Tipped Workers to retain all the tips they earned. Specifically, Defendants required Plaintiff to participate in a mandatory tip pooling arrangement and share tips with employees and/or managers who are not entitled to retain tips under the FLSA. On a biweekly basis, Defendants distributed some, but not all, tips that were voluntarily given to Plaintiff and other Tipped Workers for the services they provided to Artisanal's customers. Upon information and belief, Defendants retained a portion of these tips either personally and/or to subsidize the general business operations of Artisanal.

23. Defendants required Plaintiff and other Tipped Workers to pay, from their tips, for breakage of glassware, dishes, and decanters. Specifically, if a server error resulted in breakage, Defendants required that item to be paid from the cash tips that particular Tipped

4

Worker had on hand at the time of the breakage. In the event that the Tipped Worker had no cash tips on hand at the time of the error, Defendants deducted the "price" of the item from the amount tipped to that employee through credit card sales.

24. Defendants regularly required Plaintiff and other Tipped Workers to work hours in excess of forty in a workweek, thus triggering the overtime requirements of the FLSA. The overtime hours worked by Plaintiff and other Tipped Workers is documented on the paystubs Defendants provide to Plaintiff and other Tipped Workers. Defendants did not calculate overtime in compliance with the FLSA, and therefore, failed to pay overtime at the rate required by the FLSA.

25. Defendants' failure to comply with the terms of the overtime and minimum wage requirements of the FLSA regarding the payment of overtime and taking of tip credit against minimum wages was a willful violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

26. This action is maintainable as an "opt-in" collective action pursuant to the FLSA, 29 U.S.C. § 216(b), as to claims for unpaid minimum wages, unpaid overtime compensation, liquidated damages, and attorneys' fees and costs.

27. Pursuant to 29 U.S.C. § 216(b), Plaintiff brings her First and Second Causes of Action (FLSA claims) on behalf of herself and similarly situated employees who worked as Tipped Workers at the Artisanal restaurant in Banner Elk, North Carolina, and who elect to opt-in to this action ("Opt-in Plaintiffs).

28. The FLSA § 216(b) collective action class is properly defined as: All current and former employees of Defendants who were employed at the Artisanal restaurant in Banner Elk,

North Carolina as servers, bussers, hostesses, and bartenders, or their functional equivalents, anytime during the three-year period preceding the filing of the Complaint in this action.

29. Consistent with Defendants' policy and pattern or practice, Plaintiff and Opt-in Plaintiffs have not been paid minimum wages for all hours worked and premium overtime compensation for all hours worked beyond 40 per workweek.

30. All of the work that Plaintiff and Opt-in Plaintiffs have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and Opt-in Plaintiffs have performed.

31. As part of its regular business practice, Defendants have intentionally, willfully and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and Opt-in Plaintiffs. This policy and pattern and practice includes, but is not limited to, willfully failing to pay its Tipped Workers, including Plaintiff and Opt-in Plaintiffs, minimum wages for all hours worked and premium overtime wages for all hours worked in excess of 40 hours per workweek.

32. Defendants are aware or should have been aware that federal law required them to pay Tipped Workers minimum wages for all hours worked and overtime premiums for all hour worked in excess of 40 per workweek.

33. Plaintiff and Opt-in Plaintiffs perform or performed the same basic job duties, were subject to the same employment policies, practices and procedures, and have been subject to the same unlawful practices alleged herein.

34. Defendants' policy and practice of retaining a portion of the tips given to Tipped Workers by Artisanal's customers was applicable to and affected all Tipped Workers.

35. Defendants' unlawful conduct has been widespread, repeated, and consistent.

6

36. There are many similarly situated current and former Tipped Workers who have been denied minimum wage and overtime compensation in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. This notice should be sent to the Opt-in Plaintiffs pursuant to 29 U.S.C. § 216(b).

37. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## CLASS ACTION ALLEGATIONS

38. This action is maintainable as a class action pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure pursuant to NCWHA, N.C. Gen. Stat. §§ 95-25.6, 95-25.7. 95025.8 and 95-25.13 for failure to pay promised and earned wages for all hours worked by Plaintiff and members of the proposed class, unlawful withholding of wages, and failure to comply with the notification requirements of the NCWHA.

39. Plaintiff proposes the same class for purposes of certification under Rule 23 as under § 216(b) of the FLSA, with the exception that the class period for this state law cause of action is two years from the date of the filing of this Complaint. The proposed class is easily ascertainable. The number and identity of NCWHA class members are determinable from Defendants' payroll records or records over which they have control, as are the hours assigned and worked, the positions held, and the rates of pay for each class member.

40. The proposed class is so numerous that the joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. While the exact number of class members is unknown to Plaintiff at this time, upon information and belief, the class is comprised of at least 40 persons.

41. There is a well-defined commonality of interest in the questions of law and fact involving and affecting the proposed class in that Plaintiff and all members of the proposed class have been harmed by Defendants' violations of the NCWHA. The common questions of law and fact include, but are not limited to the following:

(a) whether Defendants refused to pay Plaintiff and members of the proposed class promised and earned wages for all hours worked on their regular pay day in violation of NCWHA §§ 95-25.6 and 95-25.7;

(b) whether Defendants unlawfully withheld wages earned by Plaintiff and members of the proposed class in violation of NCWHA §§ 95-25.8;

(c) whether Defendants failed to comply with the notification requirements of the NCWHA § 95-25.13 by omitting deductions from the wages earned by Plaintiff and members of the proposed class (*i.e.*, withheld tips);

(d) whether Defendants misappropriated tips from Plaintiff and members of the proposed class by demanding, handling, pooling, counting, distributing, accepting, and/or retaining tips paid by customers that were intended for Plaintiff and members of the proposed class, and which customers reasonably believed to be gratuities for Plaintiff and members of the proposed class; and

(e) Whether Defendants' refusal to pay such compensation is in violation of NCWHA.

42. The claims of Plaintiff are typical of those claims that could be alleged by any proposed class member and the relief sought is typical of the relief that would be sought by each member of the class in separate actions. All class members were subject to the same compensation practices of Defendants; *i.e.*, refusing to timely pay promised and earned wages,

unlawfully withholding promised and earned wages, and failing to provide required notification of withheld wages. The compensation policies and practices of Defendants affected all class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each class member. Plaintiff and members of the proposed class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices and procedures.

43. Plaintiff is able to fairly and adequately protect the interests of all members of the class, and there are no known conflicts of interest between Plaintiff and members of the proposed class. Plaintiff has retained counsel who are experienced and competent in both wage and hour and complex class action litigation.

44. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Because the loss, injuries, and damages suffered by each of the individual class members are modest, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them.

45. Important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for adjudication of individual litigation and claims would be substantially more than if the claims are treated as a class action. Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for the Defendants and resulting in the impairment of class

9

members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

## COUNT I

**(Violation of Fair Labor Standards Act – Minimum Wages Collective Action)**

46. Plaintiff incorporates by reference paragraphs 1-46 of her Complaint.

47. Count I arises from Defendants' violation of the FLSA, for its failure to pay all minimum wages earned by Plaintiff and similarly situated Tipped Workers.

48. Defendants violated the FLSA by requiring Plaintiff and similarly situated Tipped Workers to share tips with non-Tipped Workers in one or more individual workweeks, thus violating the tip-credit provisions of the FLSA.

49. Defendants violated the FLSA by failing to keep, make and preserve accurate records of all tips received by and distributed to Plaintiff and similarly situated Tipped Workers.

50. Defendants' violation of the FLSA was willful.

## COUNT II

**(Violation of Fair Labor Standards Act – Overtime Collective Action)**

51. Plaintiff incorporates by reference paragraphs 1-50 of her Complaint.

52. Count II arises from Defendants' violation of the FLSA for its failure to pay all overtime wages earned by Plaintiff and similarly situated Tipped Workers.

53. Defendants violated the FLSA by failing to pay Plaintiff and Tipped Workers the correct overtime rate for all overtime hours worked in one or more individual workweeks.

54. Defendants violated the FLSA by failing to keep, make and preserve accurate records of all time worked by Plaintiff and similarly situated Tipped Workers.

55. Defendants' violation of the FLSA was willful.

## COUNT III

### (Violation of North Carolina Wage and Hour Act)

56. Plaintiff incorporates by reference paragraphs 1-55 of her Complaint.

57. Count III arises from Defendants' policy and practice of suffering or permitting Plaintiff and similarly situated Tipped Workers to work without paying promised and earned wages for all hours worked in violation of N.C. Gen. Stat. §§ 95-25.6 and 95-25.7.

58. Count III also arises from Defendants' policy and practice of unlawfully withholding earned and promised wages belonging to Plaintiff and similarly situated Tipped Workers in violation of N.C. Gen. Stat. § 95-25.8.

59. Defendants violated N.C. Gen. Stat. § 95-25.13 by failing to provide required notification of all wages withheld from Plaintiff and similarly situated Tipped Workers.

60. Defendant's violation of the NCWHA was willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

a) An Order that the Defendants file with this Court and furnish to counsel for Plaintiff a list of all names, telephone numbers, home addresses and email addresses of all Tipped Workers (servers, bussers, hostesses, and bartenders or any other similarly titled position) who worked for Defendants within the last three years;

b) An Order authorizing Plaintiff's counsel to issue notice at the earliest possible time to all Tipped Workers (servers, bussers, hostesses, and bartenders or any other similarly titled position) who have worked for Defendants within the last three years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they were deprived of minimum wages and overtime compensation, as required by the FLSA;

c) An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

d) An Order certifying this action as a class action under the NCWHA and designating the above Plaintiff as representatives on behalf of all those similarly situated Tipped Workers;

e) An Order pursuant to the NCWHA finding Defendants liable for unpaid back wages and liquidated damages equal in amount to the unpaid compensation due to Plaintiff and the class;

f) An Order awarding the costs of this action;

g) An Order awarding reasonable attorneys' fees;

h) A declaration and finding by the Court that Defendants willfully violated provisions of the FLSA by failing to comply with the minimum wage and overtime requirements of the FLSA;

i) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

j)      An Order granting such other and further relief as may be necessary and appropriate.

## JURY TRIAL DEMAND

The named Plaintiff demands a trial by jury for all issues of fact.

Respectfully submitted,

/s/ Philip J. Gibbons, Jr.
Philip J. Gibbons, Jr., NCSB #50276
Craig L. Leis NCSB #48582
**GIBBONS LEIS, PLLC**
14045 Ballantyne Corporate Place, Ste. 325
Charlotte, NC 28277
Telephone:   704-612-0038
Email:  phil@gibbonsleis.com
craig@gibbonsleis.com

*Attorneys for Plaintiff*