IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19 CV 55

| | |
|---|---|
| ASHLEY GALLEHER, on behalf of herself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | ORDER |
| v. ) ) | |
| ARTISANAL, LLC, and BILL GREENE, ) ) | |
| Defendants. ) _____ ) | |

This matter is before the Court on Plaintiff's Motion to Conditionally Certify a Collective Action and Facilitate Notice Under 29 U.S.C. §216(b) (Doc. 14) ("Motion for Conditional Certification"), which has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B).

## I. Relevant Procedural Background

Plaintiff filed her Complaint on February 18, 2019 (Doc. 1). Defendants answered on June 14, 2019 (Doc. 10).

A Certification of Initial Attorneys' Conference was filed on July 9, 2019 (Doc. 12).

Plaintiff filed her Motion for Conditional Certification, a supporting memorandum, and a declaration on July 31, 2019. (Docs. 14, 15). Defendants responded and Plaintiff replied. (Docs. 16, 17).

1

## II. Factual Background

Plaintiff alleges as follows:

Defendant Artisanal, LLC ("Artisanal") is a North Carolina company with its principal place of business in Banner Elk. Pl.'s Compl. ("Complaint") (Doc. 1) at ¶ 6.

Defendant Bill Greene is an owner, member and/or officer of Artisanal. Complaint at ¶ 7.

Artisanal owns and operates fine dining establishments in Banner Elk and Charlotte, North Carolina. Declaration of Ashley Galleher ("Declaration") (Doc 15-1) at ¶ 3.

Artisanal's restaurant in Banner Elk ("Restaurant") operates seasonally, from May through October of each year. Declaration at ¶ 3.

Plaintiff was employed at the Restaurant from July 2017 until June 2018. Complaint at ¶ 5. She was hired by Defendants as a server and worked during her employment as both a bartender and a server until resigning to pursue other employment. Declaration at ¶ 4.

While she was employed at the Restaurant, Plaintiff was paid bi-weekly at the hourly rate of $2.13 per hour. Her primary compensation, however, was through gratuities. Other employees, including bussers, hosts/hostesses, and food runners/expediters, were paid in a similar manner ("Tipped Workers"). Declaration at ¶¶ 5-6.

Plaintiff alleges that Tipped Workers were required to contribute all of their tips to a "tip pool" that was then distributed, partially in cash and partially through regular paychecks. Declaration at ¶ 8. The Restaurant would not identify those who participated in the tip pool or how the tips were distributed. Declaration at ¶ 9.

Plaintiff alleges that Defendants have failed to pay her and all other Tipped Workers minimum wages and overtime compensation and have misappropriated tips belonging to the Tipped Workers in violation of the Fair Labor Standards Act ("FLSA") and the North Carolina Wage and Hour Act ("NCWHA"). Complaint at ¶¶ 2-3.

In the instant Motion, Plaintiff seeks to certify a collective action on behalf of herself and other Tipped Workers. Pl.'s Mot. (Doc. 14) at 1.

### III. Discussion

#### A. Conditional Certification

A plaintiff alleging a violation of the FLSA may bring suit on her own behalf and as well as a collective action on behalf of other employees who are similarly situated. See 29 U.S.C. § 216(b). Courts within the Fourth Circuit generally follow a two-step approach when considering a motion for conditional certification of a FLSA collective action. See, e.g., Hart v. Barbeque Integrated, Inc., 299 F. Supp. 3d 762, 768-69 (D.S.C. 2017) (collecting cases). First, the court must determine whether the named plaintiff and the potential additional

plaintiffs are similarly situated. This process does not require the court to "resolve factual disputes, decide substantive issues on the merits, or make credibility determinations." Myers v. Loomis Armored US, LLC, No. 3:18-CV-00532-FDW-DSC, 2019 WL 3338172, at *2 (W.D.N.C. July 25, 2019) (citing Solais v. Vesuvio's II Pizza & Grill, Inc., No. 1:15-cv-227, 2016 WL 1057038, at *6 (M.D.N.C. Mar. 14, 2016)). "The sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court." Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 75 (2013) (internal citations omitted).

At this first stage, a named plaintiff need only allege that she and the potential plaintiffs "were together the victims of a single decision, policy, or plan." Romero v. Mountaire Farms, Inc., 796 F. Supp. 2d 700, 705 (E.D.N.C. 2011) (internal quotations and citations omitted). Only a "modest factual showing" is needed, Essame v. SSC Laurel Operating Co., 847 F.Supp.2d 821, 825 (D. Md. 2012), and such a showing may be made through affidavits, declarations, deposition testimony, or other means. Myers, 2019 WL 3338172, at *2 (W.D.N.C. July 25, 2019) (citing Williams v. Long, 585 F. Supp. 2d 679, 685 (D. Md. 2008)). Once a class has been conditionally certified, the named plaintiff's counsel may provide any potential plaintiffs with notice of the suit and of their right to opt-in. Romero, 796 F.Supp.2d at 705.

The second step of the certification process is a motion by the defendant to decertify the class. See, e.g., Long v. CPI Sec. Sys., Inc., 292 F.R.D. 296, 299 (W.D.N.C. 2013) (citation omitted). Because such a motion is generally made after the parties have completed discovery, defendants are given the opportunity to oppose certification based upon a more fully developed record. Myers, 2019 WL 3338172, at *3 (W.D.N.C. July 25, 2019). At this second stage, courts apply a "heightened fact-specific standard" to the similarly situated analysis. Id. (internal citations omitted).

Consequently, in the instant case, the issue now before the Court is whether Plaintiff and the other Tipped Workers are "similarly situated"; the merits of Plaintiff's underlying claims are not considered.

On the current record, the Court finds that Plaintiff has provided sufficient evidence that she and other Tipped Workers "were together the victims of a single decision, policy, or plan." Romero, 796 F. Supp. 2d at 705. Plaintiff alleges that she and other Tipped Workers were subject to the same policies and practices which may constitute wage, overtime, and tip-related violations of the FLSA. Specifically, she alleges that the Restaurant (1) paid all Tipped Workers an hourly rate less than the minimum required by the FLSA; (2) required Tipped Workers to participate in a "tip pooling" arrangement in which tips were partially withheld and redistributed; (3) required Tipped Workers to pay uniform fees and for the replacement of broken

5

glassware, dishes, and decanters out of their tips; and (4) failed to pay Plaintiff and other Tipped Workers for overtime hours at the rate required by the FLSA, among other violations. See Declaration at ¶¶ 5-17; Complaint at ¶¶ 19-37. Therefore, the Motion for Conditional Certification will be allowed.

As for the proposed class, Plaintiff's description has varied. Her Complaint describes the proposed class as:

> All current and former employees of Defendants who were employed at the Artisanal restaurant in Banner Elk, North Carolina as servers, bussers, hostesses, and bartenders, or their functional equivalents, anytime during the three-year period preceding the filing of the Complaint in this action.
>
> Pl.s' Compl. (Doc. 1) at ¶28.

Plaintiff's Motion uses the following description:

> . . . all current and former 'Tipped Workers' of Defendants who work at its Artisanal Restaurant in Banner Elk, North Carolina anytime during the period of February 18, 2016 to the present.
>
> Pl.'s Mot. (Doc. 14) at ¶ 3.

The undersigned finds that the following description should be used:

> All current and former employees of Defendants who were employed at the Artisanal restaurant in Banner Elk, North Carolina as servers, bussers, hostesses, and bartenders, or their functional equivalents, anytime during the period from February 18, 2016 to the entry of this Order.

Accord, Myers v. Loomis Armored US, LLC, No. 3:18-CV-00532-FDW-DSC, 2019 WL 3338172, at *6 (W.D.N.C. July 25, 2019); Hart v. Barbeque Integrated, Inc., 299 F. Supp. 3d 762, 770 (D.S.C. 2017).

Defendants will be directed to provide a computer-readable data file containing the names, addresses, email addresses, and dates of employment of the persons who fit within the description of the class being conditionally certified. The Court will not, however, require Defendants to disclose social security numbers, telephone numbers, or dates of birth for those individuals. See Hart v. Barbeque Integrated, Inc., 299 F. Supp. 3d 762, 772 (D.S.C. 2017) (requiring a showing of a "special need" before ordering the disclosure of potential plaintiffs' telephone numbers and social security numbers); Calderon v. Geico Gen. Ins. Co., No. RWT 10CV1958, 2011 WL 98197, at *9 (D. Md. Jan. 12, 2011) (denying plaintiff's request that defendant produce social security numbers, phone numbers, and dates of birth of potential plaintiffs).

### B. Proposed Notice, Opt-In Form, and Related Matters

Plaintiff has also submitted a proposed notice to be sent to potential class members, as well as a proposed opt-in/consent form. (Docs. 15-1, 15-2).

In their response (Doc. 16) to the Motion for Conditional Certification, Defendants do not address Plaintiff's proposed notice and opt-in/consent forms, the means and deadline for providing notice to potential plaintiffs, or the commencement and termination of the "opt-in" period.

7

Case 1:19-cv-00055-MOC-WCM   Document 18   Filed 10/31/19   Page 7 of 9

The Court will direct counsel to confer on these issues. Further, while the parties previously submitted an Initial Attorneys' Conference Certification, counsel will also be directed to confer regarding any necessary revision to that discovery plan in light of the allowance of Plaintiff's instant Motion. In their discussions, counsel should consider whether staged discovery should be employed in this case and, if so, what the components of those stages should be and the associated deadlines for each.

## IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Motion to Conditionally Certify a Collective Action and Facilitate Notice Pursuant to 29 U.S.C. §216(B) (Doc. 14) is **GRANTED,** and the following class is conditionally certified:

   > All current and former employees of Defendants who were employed at the Artisanal restaurant in Banner Elk, North Carolina as servers, bussers, hostesses, and bartenders, or their functional equivalents, anytime during the period from February 18, 2016 to the entry of this Order ("Class Members").

2. Defendants shall produce a computer-readable data file containing the names, addresses, email addresses, and dates of employment ("Employee Information") for all Class Members. Defendants shall provide the Employee Information in electronic form to counsel for Plaintiff within fourteen (14) days from the entry of this Order.

8

Case 1:19-cv-00055-MOC-WCM   Document 18   Filed 10/31/19   Page 8 of 9

**IT IS FURTHER ORDERED THAT:**

3. Counsel for the parties are **DIRECTED** to confer with regard to:

    a. The form and content of Plaintiff's proposed notice and proposed opt-in/consent form, the means and deadline for providing said notice to potential plaintiffs, and the commencement and termination of the "opt-in" period; and

    b. Any necessary revisions to the parties' previously proposed discovery plan in light of the allowance of Plaintiff's Motion for Conditional Certification.

4. Counsel shall **FILE** a joint response advising of the outcome of these discussions within ten (10) days of the entry of this Order.

Signed: October 31, 2019

W. Carleton Metcalf
United States Magistrate Judge